Maria **MALDANADO**, Plaintiff,

v.

**THE PICTSWEET CO.**, Defendant.

No. 09–1166.

United States District Court,
W.D. Tennessee,
Eastern Division.

Nov. 17, 2009.

**692**

Jonathan L. Bobbitt, Justin Gilbert, Gilbert Russell McWherter PLC, Jackson, TN, for Plaintiff.

N. Victoria Holladay, Emily Christin Pera, Ford & Harrison, LLP, Memphis, TN, for Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

J. DANIEL BREEN, District Judge.

On August 7, 2009, the Plaintiff, Maria Maldanado, initiated this action against the Defendant, The Pictsweet Co. ("Pictsweet"), alleging violation of the Family and Medical Leave Act, 29 U.S.C. § 2611, *et seq.* (the "FMLA"). Specifically, Maldanado alleges that Pictsweet interfered with her statutory entitlements and retaliated against her for exercising her rights under the FMLA. Before the Court is the Plaintiff's motion for partial summary judgment as to her FMLA interference claim under Rule 56 of the Federal Rules of Civil Procedure.

> Rule 56 states in pertinent part that a ... judgment ... shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Canderm Pharmacal, Ltd. v. Elder Pharm., Inc.,* 862 F.2d 597, 601 (6th Cir.1988). As the Supreme Court recently reiterated in *Scott v. Harris,* 550 U.S. 372, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007),

> At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a "genuine" dispute as to those facts. Fed. Rule Civ. Proc. 56(c). As we have emphasized, "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.' " *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (footnote omitted). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.

*Scott,* 550 U.S. at 380, 127 S.Ct. at 1776 (emphasis in original).

■ The FMLA provides to employees unpaid leave for up to twelve weeks in a twelve month period "[i]n order to care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son,

daughter, or parent has a serious health condition." 29 U.S.C. § 2612(a)(1)(C). A "serious health condition" means "an illness, injury, impairment, or physical or mental condition that involves (A) inpatient care in a hospital, hospice, or residential medical care facility; or (B) continuing treatment by a health care provider." 29 U.S.C. § 2611(11). These twelve weeks of leave may be taken continuously in one block of time, or intermittently when medically necessary. 29 U.S.C. § 2612(a) & (b)(1). The statute prohibits employers from "interfer[ing] with, restrain[ing], or deny[ing] the exercise of or the attempt to exercise, any right" under the statute. 29 U.S.C. § 2615(a). The FMLA "accommodates the important societal interest in assisting families by establishing minimum labor standard[s] for leave." H.R.Rep. No. 103–8(I), 103d Cong., 1st Sess.1993, at *21. In order to prevail on an FMLA interference claim, the plaintiff must show that "(1) [she] is an eligible employee; (2) the defendant is an [FMLA] employer; (3) the employee was entitled to leave under the FMLA; (4) the employee gave the employer notice of [her] intention to take leave; and (5) the employer denied the employee FMLA benefits to which [she] was entitled." *Cavin v. Honda of Am. Mfg., Inc.*, 346 F.3d 713, 719 (6th Cir.2003), *reh'g & reh'g en banc denied* (Feb. 5, 2004) (internal citations and quotation marks omitted).

At the time the incidents from which this action arose occurred, the Plaintiff was employed as a quality control technician for Pictsweet, a seller and distributor of frozen vegetables located in Bells, Tennessee. (Aff. of Maria Maldanado ("Maldanado Aff.") ¶ 2; Decl. of Stephanie Davis ("Davis Decl.") ¶ 3.) Pictsweet received certification from Maldanado's daughter's health care provider and granted her request for intermittent FMLA leave. (Ans. ¶ 5.) As set forth in the declaration of Stephanie Davis, Human Resources Manager of Pictsweet's Bells facility,

> [i]n the Spring of 2008, Maldanado provided the Human Resources department with a Certification of Health Care Provider, which Pictsweet approved. The Certification of Health Care Provider, dated April 17, 2008, stated that Maldanado's daughter suffers from a serious health condition and requires assistance with transportation to doctor's appointments....

(Davis Decl. ¶ 4.)

On the morning of February 2, 2009, Maldanado contacted her supervisor, Tom Darnell, by telephone to inform him she could not work that day as scheduled because her daughter was ill. (Ans. ¶ 9.) According to Dr. Gary W. Osborne, a counselor treating Maldanado's daughter, the Plaintiff brought the child to see him on that date for an unforeseen crisis intervention session to address suicidal ideation. (Decl. of Dr. Gary W. Osborne at ¶¶ 1, 5.) The Plaintiff received 3.0 attendance points for a "no call/no show" on February 2, 2009 and Pictsweet terminated her pursuant to company policy. (Ans. ¶ 13.)

The parties do not dispute the first two elements of the FMLA interference claim. Nor does the Defendant dispute that the Plaintiff was granted intermittent leave to transport her daughter to and from doctor's appointments, or that denied Defendant FMLA benefits by terminating her. At the heart of the instant motion lies the question of whether the notice provided by the Plaintiff on February 2, 2009 was sufficient to satisfy the fourth element of the claim.

 With respect to notice, the regulations promulgated in connection with the FMLA state that

[w]hen the need for leave is not foreseeable, an employee must comply with the employer's usual and customary notice and procedural requirements for requesting leave, absent unusual circumstances. For example, an employer may require employees to call a designated number or a specific individual to request leave. . . . If an employee does not comply with the employer's usual notice and procedural requirements, and no unusual circumstances justify the failure to comply, FMLA-protected leave may be delayed or denied.

29 C.F.R. § 825.303(c). Moreover, the final rules implementing amendments to the FMLA effective January 16, 2009 note that

[t]he Department [of Labor] recognizes that call-in procedures are a routine part of many workplaces and are critical to an employer's ability to manage its work force. Adherence to such policies is even more critical when the need for leave is unforeseen. Accordingly, the final rule in § 825.303(c) provides that, absent unusual circumstances, employees must comply with their employer's usual and customary notice and procedural requirements for requesting leave.

FMLA; Final Rule, 73 Fed.Reg. 68,009 (Jan. 16, 2009). "FMLA-protected leave may be delayed or denied when an employee does not comply with the employer's usual notice and procedural requirements and no unusual circumstances justify the failure to comply." FMLA; Final Rule, 73 Fed.Reg. 68,007 (Jan. 16, 2009).

Plaintiff maintains that notice to her supervisor complied with the FMLA procedure contained in the Defendant's employee handbook (the "Handbook"). The Handbook provides in pertinent part under the heading "Request for Leave" that

[f]or unforeseen events, such as accidental injury causing a serious health condition, premature birth, or a sudden change in your health, you must notify the Company of your need for a leave as soon as possible. You are expected to give notice to the Company within no more than one or two working days of learning of the need for leave, except in extraordinary circumstances. *You should notify the Company* preferably by submitting the application form for a leave, but *at a minimum, by verbally notifying the Human Resources Manager or your Supervisor* . . . .

(Maldanado Aff., Ex. B at 11.) (emphasis added) The Handbook also states under the heading "Attendance Requirements" that

. . . The Company recognizes that from time to time it is necessary for employees to miss work. The majority of absences can be scheduled in advance and vacation may be used in those instances. From time to time, absences occur due to illness or other events. *All absences must be reported by calling the department supervisor or the Human Resources department at least one hour prior to the start of the shift.* Disciplinary action up to and including termination will be taken for violation of this policy.

(Maldanado Aff., Ex. B at 16.) (emphasis added). Thus, the Plaintiff argues, notice to Darnell, her supervisor, was adequate.

Pictsweet asserts in response that the Handbook provision found on page 11 relates only to the procedure an employee must follow when making an *initial* request for leave under the FMLA and, therefore, does not speak to notification requirements for an employee who, like Maldanado, had already been granted intermittent FMLA leave for a qualifying condition and needed to utilize that leave at a later date. It takes the position that intermittent FMLA leave is governed by a separate document entitled "Attendance

Guidelines," a copy of which is attached as an exhibit to Davis's declaration. According to the Attendance Guidelines, implemented in October 2006, "[e]mployees must notify *the Human Resources Department* at least one (1) hour in advance of their scheduled start time every day they are out except for scheduled vacation days." (Davis Decl., Ex. B.) In her declaration, Davis explained that "Pictsweet implemented this notification procedure at its Bells, Tennessee facility ... after it recognized a need for 'centralized' reporting of unscheduled absences due to the relatively large number of supervisors working in that facility." (Davis Decl. ¶ 6.) The Attendance Guidelines document further articulates in its opening sentence that "[t]he attendance policy in Pictsweet's employee handbook will be administered pursuant to the following guidelines." (Davis Decl., Ex. B.) The Defendant submits, therefore, that the language at page 16 of the Handbook has no application here on the grounds that the Attendance Guidelines were intended to update Pictsweet's existing attendance policy. According to Pictsweet, notice given to anyone except the Human Resources Department would not have constituted proper notice under the Attendance Guidelines. In addition, the Defendant points out that Maldanado had contacted the Human Resources Department on prior occasions when she was unable to work as scheduled and has cited in this action no unusual circumstances that prevented her from using the employer's procedure.

In her reply, the Plaintiff insists that the provision at page 11 is the Defendant's only FMLA notice policy and that it does not by its terms limit itself to initial leave. Moreover, she avers that the Attendance Guideline relied on Pictsweet makes no mention whatever of FMLA leave. Significantly for purposes of this motion, Maldanado also references the second sentence of the Attendance Guidelines, which provides that "[i]f there is any discrepancy between the handbook and these guidelines, the handbook will take precedence." (Davis Decl., Ex. B.) Despite filing a surreply, the Defendant offers no response to the Plaintiff's contentions concerning the quoted sentence. Nor does it suggest a discrepancy between the Handbook and the Attendance Guidelines concerning to whom notice of absences is to be given does not exist.

■ The Court finds, upon consideration, that summary judgment is appropriate on the issue of notice. Even viewing the facts in the light most favorable to Pictsweet, the Attendance Guideline provision clearly creates a discrepancy with the language found on page 16 of the Handbook. Pursuant to the express terms of the Attendance Guidelines, which the Defendant itself prepared and distributed, any such discrepancy is to be resolved in favor of the Handbook. Thus, the page 16 provision permitting notification to the employee's department supervisor *or* the Human Resources Department rules. As the Plaintiff's telephone call to her supervisor constituted notice in accordance with the Defendant's Handbook, the fourth element of the FMLA interference claim has been satisfied. The Plaintiff's motion for partial summary judgment as to FMLA interference is therefore GRANTED.

IT IS SO ORDERED.